**So Ordered.**



**Dated: April 1st, 2014**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re. . .<br><br>**JB MCCRARY** f/k/a **JOYCE MCCRARY,**<br><br>Debtor.<br><br>**JAMES MCCORMICK,**<br><br>Plaintiff,<br><br>vs.<br><br>**JB MCCRARY** f/k/a **JOYCE MCCRARY**<br><br>Defendant. | Case No. **12-04379-FLK7**<br>Chapter **7**<br><br>Adversary Case No. **13-80004-FLK**<br>Chapter **7**<br><br>**AGREED FINDINGS OF FACT, CONCLUSIONS OF LAW RE: DETERMINATION OF NON-DISCHARGABILITY AND JUDGMENT** |

THIS MATTER having come before the above captioned Court upon the Complaint For Determination Of Non-Dischargeability Of Claims (the "<u>Complaint</u>") filed herein by

Page 1
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 1 of 13

Plaintiff, James McCormick (hereinafter "Plaintiff"), by and through his counsel Davidson Backman Medeiros PLLC. The parties having agreed to settle this matter by entry of these Agreed Findings of Fact and Conclusions of Law and a Confession of Judgment presented herewith. The Court having reviewed the records and files herein and having found that the parties have agreed to these Agreed Findings of Fact and Conclusions of Law and to the entry of the same herein, hereby enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.1 Defendant JB McCrary ("Defendant") is the Debtor in the associated Chapter 7 Bankruptcy proceeding filed in the United States Bankruptcy Court for the Eastern District of Washington under Case Number 12-04379 and currently resides in Kittitas County, Washington at 301 West Helena Avenue, Ellensburg, Washington 98926. The Defendant's discharge was not entered prior to the filing of this Adversary Proceeding.

1.2 On or about November 16, 2001, Wayne McCrary, before his death executed a General Agreement purporting to sell cattle and chattels located on Chirikof Island, Alaska, a federal refuge, (hereinafter collectively the "cattle") to Tim Jacobson and Heidi Montgomery, d/b/a Herd Management, LLC ("Herd Management") for $25,000.00. No consideration of any kind, including, but not limited to the $25,000.00, was ever paid, given, delivered or tendered to Wayne McCrary by Tim Jacobson and Heidi Montgomery, d/b/a

Page 2
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 2 of 13

Herd Management, LLC and the General Agreement was never consummated. Had the General Agreement been consummated, it would have expired on October 1, 2003 and was not extended.

1.3   Wayne McCrary died on May 28, 2003.

1.4   On or about December 12, 2003, Tim Jacobson d/b/a Herd Management claims to have entered into a Sales Agreement with Kevin and Geri Arndt, d/b/a T.C. Enterprises, Inc. ("T.C. Enterprises") for the sale of the cattle. Tim Jacobson d/b/a Herd Management had no interest in the cattle to convey to Kevin and Geri Arndt, d/b/a T.C. Enterprises, Inc. Kevin and Geri Arndt, d/b/a T.C. Enterprises, Inc. because the General Agreement described above in paragraph 1.2 was never consummated based on the fact that no consideration was ever given as described above in paragraph 1.2. Even if it had been consummated, it would have expired on October 1, 2003 and it was never extended. Therefore, Tim Jacobson, d/b/a Herd Management could not have transferred and did not transfer any interest in the cattle to Kevin and Geri Arndt, d/b/a T.C. Enterprises, Inc. on December 12, 2003. Defendant never saw the above referenced Sales Agreement prior to her deposition in this matter that was taken on October 30, 2013, and never ratified, approved or agreed to said Sales Agreement. No consideration of any kind was ever paid, given, delivered or tendered to the Defendant by Kevin Arndt, Geri Arndt, Don Arndt or T.C. Enterprises, for the cattle or chattels on Chirikof. Defendant never entered into any

Page 3
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 3 of 13

agreement with Kevin or Geri Arndt, or T.C. Enterprises for the Chirikof cattle and chattels and Defendant never authorized the sale of the Chirikof cattle and chattels to Kevin or Geri Arndt, or T.C. Enterprises. Defendant never authorized Tim Jacobson d/b/a Herd Management, Heidi Montgomery or Herd Management to sell, trade or convey any of the chattels or cattle on Chirikof Island on her behalf or on behalf of Wayne McCrary's Estate.

    1.5    On or about July 17, 2004, Defendant executed a notarized Bill of Sale transferring cattle, equipment and building located on Chirikof Island, Alaska, to Don Arndt (the "Arndt Bill of Sale") for $12,500.00. The Arndt Bill of Sale stated that it superseded all agreements between Herd Management and Wayne McCrary. No consideration of any kind, including, but not limited to the $12,500.00, was ever paid, given, delivered or tendered to the Defendant by Don Arndt on the Arndt Bill of Sale and the agreement between the Defendant and Don Arndt described above was never consummated.

    1.6    Subsequent to the Arndt Bill of Sale, on July 24, 2004, Defendant executed a notarized letter to Don Arndt informing Don Arndt that Tim Jacobson d/b/a Herd Management had attempted to make a sale of the cattle to Kevin Arndt d/b/a T.C. Enterprises based on Herd Management's belief that it owned the cattle according to the agreement described above in paragraph 1.2. Defendant also informed Don Arndt that the agreement described in paragraph 1.2 was never consummated because Wayne McCrary had never been paid by Tim Jacobson d/b/a Herd Management, and the agreement described

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

in paragraph 1.2 was therefore null and void, and Tim Jacobson d/b/a Herd Management did not own the cattle and could not sell the cattle to Kevin Arndt d/b/a T.C. Enterprises.

1.7     On December 1, 2004, Don Arndt and the Plaintiff formed a limited liability company, named D.J. Enterprise, LLC ("D.J. Enterprise") with Don Arndt and the Plaintiff as the only members, and with the Plaintiff as the managing member, for the purpose of removing the cattle from Chirikof Island. Don Arndt approached the Plaintiff to form D.J. Enterprise because Don Arndt did not have the capital to fund this project or to pay the $12,500.00 purchase price referenced above in paragraph 1.5.

1.8     On December 2, 2004, Don Arndt quit claimed all rights, title and interest under the agreement with Defendant described in paragraph 1.5 to D.J. Enterprise.

1.9     Don Arndt died on March 8, 2005, leaving the Plaintiff as the only remaining member of D.J. Enterprise.

1.10    In early 2006, the Plaintiff and the Defendant agreed that in order to clearly establish the ownership and sale of the cattle given the failed prior attempts by various parties to purchase and sell the cattle, that rather than having D.J. Enterprise pay the $12,500.00 to complete the purchase of the cattle pursuant the agreement described in paragraph 1.5, the Plaintiff, individually, would purchase the cattle from the Defendant for $15,000.00.

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

1.11 On April 11, 2006, Defendant wrote a history of ownership of the cattle in support of Plaintiff's Special Use Permit Application to manage the cattle submitted to the Wildlife Service. In this statement the Defendant stated that she relinquished her rights, title and interest in the cattle to the Plaintiff.

1.12 On or about October 2, 2007, Plaintiff paid Defendant the sum of $15,000.00 to complete the purchase and sale of the cattle. On or about October 2, 2007 Defendant, through her attorney, received two (2) money orders from Plaintiff totaling $15,000.00 that Defendant endorsed and cashed. Defendant executed a Bill of Sale giving all rights, title and interest in the cattle, and existing real and personal property remaining on Chirikof Island to Plaintiff based upon the payment of the $15,000.00 (the "October 2007 Bill of Sale"). Defendant acknowledged receiving the payment for the cattle in a letter dated October 5, 2007.

1.13 On April 23, 2008, Defendant signed a notarized statement prepared by Kevin Arndt (the "April 2008 Statement"). In the April 2008 Statement, the Defendant stated that Kevin Arndt d/b/a T.C. Enterprises was the true owner of the cattle based on the sale of the cattle described above in paragraph 1.4, which she had previously said was not consummated and was null and void in the written history described in paragraph 1.11 submitted to the United States Department of the Interior, Fish and Wildlife Service, Alaska Maritime National Wildlife Refuge ("Wildlife Service"). In the April 2008 Statement,

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 6 of 13

Defendant also stated that she had dealt with Tim Jacobson, Donald Arndt and the Plaintiff, and all had been acting as representatives of T.C. Enterprises, and that the money Plaintiff paid to the Defendant had been paid by Plaintiff on behalf of T.C. Enterprises. The Defendant's April 2008 Statement was entirely false and untrue. Kevin Arndt d/b/a T.C. Enterprises is not the true owner of the cattle. The sale of the cattle described above in paragraph 1.4 could not have and did not occur as set forth in paragraph 1.4. Defendant has admitted under oath that she did not deal with Tim Jacobson, Donald Arndt and the Plaintiff acting as representatives of T.C. Enterprises, and the money Plaintiff paid to the Defendant was not paid by Plaintiff on behalf of T.C. Enterprises. Defendant willfully signed the April 2008 Statement knowing it was false. Defendant returned the April 2008 Statement to Kevin Arndt, who then sent the statement to the Wildlife Service. As a result of the Defendant's April 2008 Statement, the Wildlife Service revoked Plaintiff's Special Use Permit to manage the cattle on Chirikof Island.

  1.14 Plaintiff does not know and has never met Kevin Arndt, and was not acting as an agent of Kevin Arndt or T.C. Enterprises when he paid the $15,000.00 to Defendant to acquire ownership of the cattle from the Defendant, and Plaintiff acquired all right title and interest in the cattle for the agreed price of $15,000.00 that was paid to the Defendant on October 2, 2007.

Page 7
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK Doc 25 Filed 04/01/14 Entered 04/01/14 12:57:41 Pg 7 of 13

1.15  Based upon Defendant's false April 2008 Statement, the Plaintiff reported Defendant's actions to the Ellensburg Police Department through his counsel M.R. Spikes (the "Fraud Complaint"). As a result of the Fraud Complaint, Officer Mike Coppin of the Ellensburg Police Department interviewed the Defendant about the issues raised in the Fraud Complaint. In her statement to Officer Coppin, Defendant admitted that she received $15,000.00 from Plaintiff in exchange for the October 2007 Bill of Sale for the cattle and that the April 2008 Statement was prepared by Kevin Arndt.

1.16  On January 30, 2009, the Plaintiff filed an action against the Defendant in the Superior Court for the State of Alaska Third Judicial District at Palmer, Alaska under Cause No. 3PA 09-00918 (the "Alaska Litigation") to enforce his agreement with Defendant for his purchase of the cattle as established by the 2007 Bill of Sale, seeking damages for fraud, deception, and other punitive damages. Kevin Arndt filed an interpleader in the Alaska Litigation as a third party plaintiff. On March 11, 2011, Plaintiff filed an amended complaint in the Alaska Litigation and added Geri Arndt, individually, and T.C. Enterprises as additional defendants.

1.17  As a result of false misrepresentations knowing and willfully made by the Defendant as to the ownership and sale of the cattle in the April 2008 Statement, the Plaintiff incurred substantial losses and damages over the last six years in excess of $194,700.00 as set forth below. Defendant's knowing and willful execution of the

Page 8
Agreed Findings of Fact, Conclusions of Law Re: Determination
of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 8 of 13

fraudulent April 2008 Statement drafted by Kevin Arndt resulted in James McCormick having to file a lawsuit against Defendant to enforce his purchase of the cattle. The Wildlife Service revoked James McCormick's Special Use Permit as a result of Defendant's knowing and willful execution of the April 2008 Statement and James McCormick has not been able to manage the cattle nor has he been able to benefit from his purchase of the cattle, which have resulted in the losses and damages as follows:

$3.40 lb x 600 lbs hanging rail weight = $2,040.00

Less cut/wrap/costs per animal -$742.00
========
$1,298.00 x 25 head annually=$32,450.00

Years lost 2008
2009
2010
2011
2012
2013
====
6 yrs x $32,450.00 = $194,700.00

The Wildlife Service is now having public meetings and moving forward with environmental studies to eliminate this herd because it has not been managed over the last six years. The Wildlife Service has raised concerns that the cows are having an impact on the terrain and grasslands on Chirikof Island. Had Defendant not signed that fraudulent April 2008 Statement, the Plaintiff could have properly managed the cattle and the threat of having them eliminated would not be an issue.

Page 9
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 9 of 13

1.18    Defendant knew or should have know that by willfully and knowingly signing the fraudulent April 2008 Statement that it would cause substantial problems for James McCormick.  The Defendant, through her knowing and willful misrepresentations has impaired the Plaintiff's ownership of the cattle, and has caused the Plaintiff to lose his ability to manage the cattle.  The Plaintiff has suffered the losses and damages referenced above in paragraph 1.17 and continues to suffer additional losses and damages as a result of Defendant's knowing and willful misrepresentations described above, including, but not limited to the false and fraudulent April 2008 Statement of JB McCrary.

## CONCLUSIONS OF LAW

2.1    This adversary proceeding is a core proceeding involving a claim for an order declaring the non-dischargeability of a particular creditor's claims pursuant to 28 U.S.C § 157(b)(2)(I).  The United States District Court for the Eastern District of Washington has jurisdiction over this adversary proceeding pursuant to 28 U.S.C § 1334(b) and has referred this matter to the United States Bankruptcy Court for the Eastern District of Washington pursuant to LR 83.5(a).  Venue for this adversary proceeding is proper in the United States Bankruptcy Court for the Eastern District of Washington pursuant to 28 U.S.C § 1409.

2.2    The General Agreement described above in paragraph 1.2 between Wayne McCrary, Tim Jacobson and Heidi Montgomery, d/b/a Herd Management on November 16, 2001 to sell cattle located on Chirikof Island, Alaska for $25,000.00 was never

Page 10
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 10 of 13

consummated because no consideration of any kind, including, but not limited to the $25,000.00, was never paid, given, delivered or tendered to Wayne McCrary. Had the General Agreement been consummated, it would have expired on October 1, 2003 and was never extended. The General Agreement is therefore void and unenforceable. As a result, the Sales Agreement between Tim Jacobson d/b/a Herd Management and Kevin and Geri Arndt, d/b/a T.C. Enterprises, described above in paragraph 1.4 and allegedly entered into on December 12, 2003 for the sale of the cattle is also void and is unenforceable.

2.3   The agreement described above in paragraph 1.5 between Defendant and Don Arndt transferring cattle, equipment and building located on Chirikof Island, Alaska, to Don Arndt for $12,500.00 that resulted in the Defendant's execution of the Arndt Bill of Sale was never consummated because no consideration of any kind, including, but not limited to the $12,500.00, was ever paid, given, delivered or tendered to the Defendant by Don Arndt and said agreement and the Arndt Bill of Sale is therefore void and unenforceable. As a result, Don Arndt never had an interest in the cattle, equipment and building located on Chirikof Island, Alaska and any attempt to transfer such an interest, including the quit claim described in paragraph 1.8 above, was also void and is unenforceable.

2.4   The Plaintiff's purchase of the cattle from the Defendant as established by the October 2007 Bill of Sale is valid and enforceable and Plaintiff is the legal owner of the

Page 11
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK   Doc 25   Filed 04/01/14   Entered 04/01/14 12:57:41   Pg 11 of 13

cattle based on the October 2007 Bill of Sale and the Plaintiff's payment of $15,000.00 to Defendant for the purchase of the cattle.

2.5 Defendant has breached her obligations to Plaintiff under the October 2007 Bill of Sale and impaired his ownership of the cattle by willfully and knowingly executing the false and fraudulent April 2008 Statement, and providing documents and information indicating that parties other than the Plaintiff had an interest in the cattle located on Chirikof Island. By taking such actions as described herein, the Defendant made false representations and statements in writing in order to obtain money and property from the Plaintiff, and that Defendant obtained money and property from the Plaintiff through false pretenses based on one or more false representations, committed actual fraud on which the Plaintiff reasonably relied.

2.6 In taking the actions described herein, Defendant impaired Plaintiff's interest in the cattle and caused the Wildlife Service to revoke Plaintiff's Special Use Permit. Defendant's willful and malicious acts caused injury to the Plaintiff or to the Plaintiff's interest in the property as described above in paragraph 1.17, by preventing Plaintiff from managing the cattle, having a clear claim to the cattle which Defendant sold to the Plaintiff and for which Plaintiff paid Defendant $15,000.00.

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

2.7     Plaintiff's claims against the Defendant for the damages suffered as a result of the Defendant's fraudulent actions described above in paragraph 1.17 and should be declared to be non-dischargeable pursuant to 11 U.S.C. § 523 (a)(2) and (6).

Presented by:

DAVIDSON BACKMAN MEDEIROS PLLC


 /s/ Bruce K. Medeiros
Bruce K. Medeiros, WSBA No. 16380
Attorney for James McCormick


HURLEY & LARA

 /s/ James P. Hurley
James P. Hurley, WSBA No. 6615
Attorney for JB McCrary

Page 13
Agreed Findings of Fact, Conclusions of Law Re: Determination of Non-Dischargability and Judgment
McCormick\Pleadings.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13-80004-FLK    Doc 25    Filed 04/01/14    Entered 04/01/14 12:57:41    Pg 13 of 13